DAVIS, APPELLEE, *v.* SUGGS, APPELLANT.

(No. 481—Decided May 25, 1983.)

*Mr. John H. Roszmann,* for appellee.
*Mr. Timothy S. Chappars,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Wilmington Municipal Court, Clinton County.

The facts of this case are not generally in dispute. In November 1978, Mark Davis (hereinafter referred to as the "appellee") observed a flatbed truck trailer for sale in the yard next to appellant's, Lyndell Suggs', home. The appellee inquired about the trailer and was quoted a price of $1,500 by the appellant's wife. In January 1979, appellee returned to appellant's home, agreed to buy the flatbed for $1,500 and thereafter personally made two $750 payments on January 13 and

January 16, respectively. Receipts bearing the appellee's name and the amount paid were signed by appellant's wife and given to the appellee.

At this point, appellee claims he told appellant's wife that he would return for the flatbed after his truck was "stretched," or lengthened, to accommodate the longer bed. The appellant asserted at trial that appellee indicated he would return within two to three weeks to pick up the flatbed. Appellant failed to request, and appellee failed to provide, appellee's address or phone number.

A little over two years later, appellee called appellant to determine when he could pick up the flatbed as his truck was now properly lengthened. However, appellant had, within a week prior to the appellee's phone call, sold the flatbed to a third party for $750.

Appellee initiated this action in the nature of specific performance and in the alternative, demanded the return of the $1,500 initially paid to appellant. Appellant's answer contained a counterclaim for $1,500, as the amount owed by appellee for the "storage" of the flatbed.

This cause was heard before the Honorable Frank B. Jandes, who concluded that "the plaintiff and defendant were equally responsible for the loss" and awarded $1,125 to the appellee, splitting the costs equally between the parties. From this judgment the appeal herein ensued.

The appellant asserts the following assignment of error:

"The trial court erred to the prejudice of defendant-appellant in its conclusion of law that 'the plaintiff and defendant were equally responsible for the loss.' "

The appellant initially argues that in the contract between the parties there was an "implied condition" to pick up the trailer within a reasonable time. It is argued that, since two years is not a reasonable time, the appellee has not proved compliance with the terms of the contract and cannot recover. We disagree.

Since a contract for the sale of "goods" (R.C. 1302.01[A][8]) is involved in the case at bar, the application of the Ohio Uniform Commercial Code [hereinafter the "UCC"] must first be considered. R.C. 1302.22(A) provides that:

"The time for shipment or delivery *or any other action* under a contract if not provided in sections 1302.01 to 1302.98, inclusive, of the Revised Code or agreed upon shall be a reasonable time." (Emphasis added.)

R.C. 1301.10(B) states that:

"What is a reasonable time for taking any action depends on the nature, purpose, and circumstances of such action."

Also, R.C. 1301.09 imposes on all parties an obligation of good faith in the performance or enforcement of contracts governed by the Ohio UCC.

The comments accompanying the UCC, though not controlling, are often helpful in interpreting its provisions. Comment 5 to R.C. 1302.22 (UCC 2-309) states that:

"The obligation of good faith under this Act requires reasonable notification before a contract may be treated as breached because a reasonable time for delivery or demand has expired. This operates both in the case of a contract originally indefinite as to time and of one subsequently made indefinite by waiver.

"When both parties let an originally reasonable time go by in silence, the course of conduct under the contract may be viewed as enlarging the reasonable time for tender or demand of performance. The contract may be terminated by abandonment."

In the case at bar, the appellee was silent for over two years. However, the appellee produced two receipts prepared by appellant's wife at the time the payments were made, which listed the appellee's name. Where the full purchase price was paid for the item, the appellant, at the very least, was under a duty to at-

tempt to contact the appellee prior to reselling or discarding the merchandise. However, the appellant produced absolutely no evidence of any attempt on his part to communicate with the appellee. As both parties were silent, the court below was certainly justified in finding that the parties were equally responsible for the loss.

The appellant alternatively argues that, at some point during the two-year period, the appellee abandoned the trailer. Thus, it is argued the appellant was permitted to resell the flatbed for $750 and retain the $1,500 previously paid by appellee, as the effect of the appellee's abandoning the property was to divest the appellee of title to it.

"Abandonment" has been described as an:

"* * * absolute unequivocal relinquishment of a right or status without regard to self or any other person. It is a virtual throwing away without regard as to who may take over or carry on. It is a total discarding of what existed or went before; and evidence thereof must be direct, affirmative or reasonably beget the exclusive inference of throwing away." *State, ex rel. Reeder,* v. *Municipal Civil Service Comm.* (C.P. 1958), 82 Ohio Law Abs. 225, 237, affirmed (1959), 166 N.E.2d 264.

In the case at bar, the only evidence relating to abandonment is the appellee's silence for two years. The appellant argues that this should be used as evidence of the intent to abandon. We disagree.

Abandonment requires affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent. Mere non-use is not sufficient to establish the fact of abandonment, absent other evidence tending to prove the intent to abandon. *Kiser* v. *Board of Commrs.* (1911), 85 Ohio St. 129; see 1 Corpus Juris Secundum (1936) 10, Abandonment, Section 3b(2). Thus, the court below properly denied appellant's recovery based on an abandonment theory where there was no evidence that the appellee intended to abandon the flatbed.

Accordingly, appellant's single assignment of error is not well-taken and is hereby overruled.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.