**CITY OF HAMILTON, Appellee,**

v.

**HARVILLE, Appellant.**

[Cite as *Hamilton v. Harville* (1989), 63 Ohio App.3d 27.]

Court of Appeals of Ohio,
Butler County.

No. CA88–06–089.

Decided May 22, 1989.

*Hillary Miller,* Hamilton City Prosecutor, for appellee.

*Baden, Jones & Scheper Co., L.P.A.,* and *James H. Scheper,* for appellant.

KOEHLER, Judge.

Defendant-appellant, Charles Harville, was cited on January 11, 1988 by the city of Hamilton under Section F2804.6, Article 28 of the municipal fire code for "failure to remove underground storage tanks" from his business premises at 2591 Hancock Avenue in Hamilton, Ohio. Appellant is the owner-operator of a business known as Sir Charles Imports. On the business premises are located four underground gasoline storage tanks and one underground kerosene storage tank.

On May 12, 1988, a trial was held before Judge James H. Dolan of the Hamilton Municipal Court. Appellant was found guilty under the city of Hamilton Fire Code, Section F2804.6, Article 28, for three underground gasoline storage tanks classified as "abandoned." The court in a *nunc pro tunc* entry ordered the three tanks "either be filled or removed in accordance with the rules and regulations governing abandoned tanks" and further ordered appellant to pay a fine of $100 plus court costs.

Appellant timely filed a notice of appeal to this court setting forth the following assignments of error:

First Assignment of Error:

"The trial court erred to the prejudice of defendant in overruling defendant's renewed motion for acquittal at the close close [*sic*] of all the evidence."

Second Assignment of Error:

"The trial court erred to the prejudice of defendant in finding him guilty of abandoning any tanks since such finding is against the manifest weight of the evidence."

Third Assignment of Error:

"The trial court erred to the prejudice of defendant when it liberally interpreted the ordinance in question in favor of the state where criminal sanctions were involved."

All three assignments of error will be discussed together since the arguments essentially contend that the trial court improperly failed to acquit appellant at the close of the evidence. Appellant asserts that each element of the charged offense was not proved beyond a reasonable doubt, justifying acquittal pursuant to Crim.R. 29(A).

The fire code ordinance in question is Section F2804.6, Article 28, *Abandonment of Tanks*, which states in pertinent part:

"A permit shall be obtained from the fire official to remove, abandon, place temporarily out of service or otherwise dispose of any flammable or combustible liquid tank."

Further, the specific provision by which the court found appellant guilty states:

"3. Any tank which has been *abandoned* for a period of one year shall be removed from the property in a manner approved by the fire official and the site restored in an approved manner. When the fire official determines that the removal of the tank is not necessary, he may permit the tank to be abandoned in place by the following method:

"a. Remove all flammable or combustible liquid from the tank and all connecting lines.

"b. Disconnect the suction, inlet, gauge, and vent lines.

"c. Fill the tank completely with an inert solid material. Cap remaining underground piping.

"d. Keep a record of tank size, location, date of abandonment, and method used for placing the abandoned tank in a safe condition." (Emphasis added.)

The critical wording of this ordinance concerns the definition of "abandon." At trial, the prosecution repeatedly elicited testimony from fire officials maintaining that appellant was not using the majority of his five underground storage tanks. This evidence was primarily obtained from alleged statements made by appellant as well as an apparent failure of appellant to keep inventory records for the tanks. However, the trial court, in this instance, improperly equated occasional use of an underground storage tank with a complete abandonment of the same. This conclusion is contrary to law and against the weight of the evidence presented in the lower court.

The word "abandonment" has been discussed by this court in *Davis v. Suggs* (1983), 10 Ohio App.3d 50, 52, 10 OBR 59, 61, 460 N.E.2d 665, 668, as an "'* * * absolute unequivocal relinquishment of a right or status without

regard to self or any other person. It is a virtual throwing away without regard as to who may take over or carry on. It is a total discarding of what existed or went before; and evidence thereof must be direct, affirmative or reasonably beget the exclusive inference of throwing away.' *State, ex rel. Reeder, v. Municipal Civil Service Comm.* (C.P.1958), 82 Ohio Law Abs. 225, 237 [165 N.E.2d 490], affirmed (1959), 166 N.E.2d 264."

Even construing the testimony for the city in a light most favorable to its case will not render appellant's apparent infrequent use of the underground storage tanks in question an "abandonment." In order for an abandonment to exist, affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent must be shown. *Davis*, op. cit. Therefore, occasional, infrequent or even complete non-use is not sufficient in itself to establish the existence of an "abandonment," absent other evidence tending to prove the *intent* to abandon. *Kiser v. Bd. of Commrs. of Logan Cty.* (1911), 85 Ohio St. 129, 97 N.E. 52; 1 Corpus Juris Secundum (1985) 11, Abandonment, Section 6(b).

A violation of the fire code ordinance in question invariably boils down to the issue of intent to abandon the underground storage tanks. The inconclusive evidence presented by the prosecution is directed at the inactive use of the tank(s) by appellant with a particular emphasis on the failure to produce an inventory record. The ordinance by which appellant was cited and later found guilty of violating does not require one utilizing an underground tank to keep records of its usage. Hence, the prosecution's evidence is quite suspect from the outset since it relates to usage of tanks rather than "intent to abandon."

Appellant argues that pursuant to Crim.R. 29(A) his motion for acquittal should have been properly granted by the trial court. The standard for a Crim.R. 29(A) acquittal is set forth in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus:

"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

Further, R.C. 2901.05(A) regarding the burden and degree of proof states that "[e]very person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution * * *."

Therefore, in order to grant a motion for acquittal, reasonable minds must come to the same conclusion from the evidence presented that each

element of the offense has not been proven beyond a reasonable doubt. In essence, a motion for acquittal challenges the prosecution's prima facie case, thereby testing the legal sufficiency of the evidence. *State v. Kline* (1983), 11 Ohio App.3d 208, 213, 11 OBR 330, 336, 464 N.E.2d 159, 165. In the prima facie case, there is a sufficient quantum of proof of each element of an offense from which reasonable minds can conclude differently with respect to whether those elements have been proven beyond a reasonable doubt. *Kline, supra,* at 213, fn. 5, 11 OBR at 336, fn. 5, 464 N.E.2d at 165, fn. 5.

In the case *sub judice,* we fail to see that amount of evidence sufficient to establish beyond a reasonable doubt each element of the offense as charged. The total lack of testimony which should have been focused on the act of abandoning an article of personal property is fatal to the prosecution's case.

■ Reiterating, in order for an abandonment to occur, one must show: (1) intent to abandon, and (2) acts or omissions implementing such intent. *Davis,* 10 Ohio App.3d at 52, 10 OBR at 61, 460 N.E.2d at 668. The testimony elicited by the prosecution failed to isolate the first part of this standard which requires the intent of appellant be shown. Further, the conduct of appellant placed in issue merely revealed infrequent or standby tank usage. This evidence does not indicate a desire to abandon the tanks, but simply supports appellant's contention of occasional usage. Therefore, as a matter of law, the prosecution failed in his burden of proof to present quantifiable, sufficient evidence of "abandonment," necessary for a conviction on the charged offense.

Although an appellate court will not substitute itself for the trier of fact, neither will the court " * * * abdicate its responsibility to enter a judgment of acquittal when the evidence is legally insufficient to sustain a conviction." *State v. Goodin* (1978), 56 Ohio St.2d 438, 442, 10 O.O.3d 533, 536, 384 N.E.2d 290, 293. The prosecution's failure to prove a vital element essential to the offense charged in the citation against appellant justifies a reversal in the present action.

Accordingly, appellant's assignments of error one, two and three are well-taken.

*Judgment reversed*
*and cause remanded.*

HENDRICKSON, P.J., concurs.

YOUNG, J., dissents.

**32**

YOUNG, Judge, dissenting.

I believe a question of fact existed as to whether or not the tanks were abandoned and that there was some credible evidence to support a finding of abandonment.

The case is weak, but the verdict is supported by the evidence. I would affirm.