[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from a judgment of the Toledo Municipal Court, wherein, appellant, Georgia Rayford, was found guilty of two violations of Toledo Municipal Code Sections 1726.03 and 1726.99, failing or neglecting to obey or abide with an order to abate a public nuisance. The trial court sentenced appellant to thirty days on each charge but suspended each sentence. Rayford was placed on probation for three months, with probation to terminate upon "full compliance," the payment of a $250 fine on each charge, and court costs.
Appellant appeals her conviction and asserts the following assignments of error:
 "1. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS AND IN CONVICTING HER OF FAILING TO OBEY OR ABIDE BY AN ORDER TO ABATE A PUBLIC NOTICE, ON THE GROUND HER DISCHARGE IN BANKRUPTCY PRIOR TO THE ISSUANCE OF THE ABATEMENT ORDER BARRED HER PROSECUTION, AS THE PROSECUTION WAS AN ATTEMPT TO RECOVER A DISCHARGED DEBT IN VIOLATION OF 11 U.S.C. SECTION 524.
 "2. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT WAS THE OWNER OF THE REAL PROPERTY WHICH WAS THE SUBJECT OF THE NUISANCE ABATEMENT ORDER, ON THE GROUND THAT THE FILING OF HER BANKRUPTCY CONVEYED HER INTEREST IN THE PROPERTY TO THE BANKRUPTCY ESTATE.
 "3. THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF FAILING TO OBEY OR ABIDE BY AN ORDER TO ABATE A PUBLIC NUISANCE, ON THE GROUND THAT APPELLANT HAD UNEQUIVOCALLY ABANDONED THE PROPERTY WHICH WAS THE SUBJECT OF THE NUISANCE ABATEMENT ORDER PRIOR TO THE ISSUANCE OF THE ORDER."
In 1984, appellant purchased, through the Urban Homestead Program, a piece of residential property, located on Maplewood Street, from the city of Toledo. At her trial to the bench, Rayford testified that the city mismanaged federal funds provided for the rehabilitation of the purchased property to the point where she was forced to move out of her Maplewood residence in 1993. She further stated that she continued to mow the grass and shovel snow on the property until June 1996.
On June 27, 1996, appellant filed a Chapter 7 petition for bankruptcy in the federal court. Appellant's bankruptcy filings reveal that at the time she filed her petition, Rayford worked for the Toledo Police Department (testimony at her trial disclosed she was still employed by the police department as of July 1997) and had a net monthly income of $1,925. Rayford listed the Maplewood property as an asset and filed a statement of intent to surrender all interest in that property. On October 29, 1996, the United States Bankruptcy Court discharged all of appellant's dischargeable debts.
On November 1, 1996, the city of Toledo, Department of Neighborhoods, issued two public nuisance notices for the Maplewood property. After receiving the notices, Rayford called the Department of Neighborhoods and informed them that she had surrendered all interest in that property.
On January 6, 1997, the two charges arising from the alleged failure to obey or abide by an order to abate a public nuisance were filed against appellant.
Appellant filed a motion to dismiss the two criminal charges, arguing that the criminal prosecution for failure to comply with an order to abate a nuisance was actually an attempt to collect a debt discharged by the bankruptcy court. At trial, appellant proceeded on the theory that she no longer owned the Maplewood property at the time the notices of a public nuisance were posted and mailed. The prosecution offered a real estate tax list, stamped by the Lucas County Auditor on May 9, 1997, showing Georgia A. Rayford became owner of the Maplewood property on June 6, 1984, as proof of appellant's ownership of the property. In finding appellant guilty beyond a reasonable doubt, the municipal court orally stated:
 "In this particular case, from the evidence that's been submitted to me today, I feel that the city has proven, beyond a reasonable doubt, in my mind that the record owner of this property, as of May 9, 1997, was Georgia A. Rayford, based on the presumption that if anybody else claimed a transfer, and I believe interest in the property, they would have gone to the Auditor's office to secure a transfer before the recording of any instrument."
In her first assignment of error, appellant contends the trial court erred in failing to grant her motion to dismiss because the city's charges against her constituted an attempt to collect a debt discharged by the United Bankruptcy Court on October 29, 1996. Appellant claims the "debt" in this case arises from her obligation to expend funds to clean up, repair and maintain the Maplewood property.
Pursuant to 11 U.S.C. § 727(b), a bankruptcy discharge made pursuant to 11 U.S.C. § 727(a) discharges the "debtor from all debts that arose before the date of the order for relief" under the bankruptcy code. We are of the opinion that appellant's "debt," if any, with regard to the Maplewood property arose after the date of discharge and was, therefore, not discharged by the October 26, 1996 order. Unlike the cases, Ohiov. Kovacs (1985), 469 U.S. 274; and United States v. Whizco, Inc.
(C.A.6, 1988), 841 F.2d 147, cited by Rayford, the notice of a public nuisance in the instant case was not issued until after the discharge order and Rayford was not charged with violations of the Toledo Municipal Code until over two months later. Thus, the city's claim did not exist at the time of the bankruptcy proceedings.
Moreover, certain debts or claims cannot be discharged in bankruptcy. See 11 U.S.C. § 727(b). Under11 U.S.C. Section 523(a)(7), a debtor is not discharged "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit and is not compensation for an actual pecuniary loss, * * *." In Kelly v. Robinson (1986),479 U.S. 36, the defendant/debtor was convicted on a charge of larceny involving the wrongful receipt of welfare benefits. As a condition of her probation, the court ordered the defendant to make restitution. Id. When the defendant filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, she listed the restitution obligation as a dischargeable debt. The United States Supreme Court held that 11 U.S.C. § 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." Id. at the syllabus.
In a similar criminal case, In re Hollis (C.A.6, 1987),810 F.2d 106, the debtor was ordered to pay the costs of his criminal prosecution as a condition of his probation. While the defendant claimed the costs were a dischargeable debt as compensation for the state's actual pecuniary loss, the Sixth Circuit determined that the imposition of costs was for punishment rather than a measure to compensate the state. Therefore, the court concluded the costs were not a dischargeable debt. Id. at 108.
Likewise, the fines and conditions of appellant's probation in this case are punishment for failure to comply with an order to abate a public nuisance. Because they are a criminal penalty, the fines and any funds expended in the abatement of the nuisance are not, under the circumstances of this case, dischargeable debts. Therefore, the trial court did not err in denying appellant's motion to dismiss the charges against her.
Accordingly, appellant's first assignment of error is found not well-taken.
Appellant's second assignment of error addresses the issue of whether the city of Toledo proved, beyond a reasonable doubt, that Rayford was the owner of the Maplewood property. In her second assignment of error, appellant argues, in essence, that the city of Toledo did not prove an element of the crime. Therefore, Rayford's second assignment of error addresses the sufficiency of the evidence offered at trial. Dayton v. Crane
(Jan. 23, 1998), Montgomery App. No. 16608, unreported.
In State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, the Ohio Supreme Court set forth the standard for appellate courts to follow when considering whether the trier of fact's decision is supported by insufficient evidence:
 "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine * * * whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148."
Toledo Municipal Code Section 1726.03 provides the procedure followed in most cases where a property is deemed a public nuisance. Toledo Municipal Code Section 1726.03(b) reads:
 "In regular abatement, the owner of the property where a public nuisance exists or is found shall be provided written notice of the public nuisance and an order to abate the nuisance within thirty days from date of notice." (Emphasis added.)
An "owner" is defined in Toledo Municipal Code Section1726.01(b)(1) as: "Any person * * * who has care, custody, control or charge of a premises or part thereof, has legal title to the premises, or has done any act to maintain or operate the premises." Toledo Municipal Code Sections 1726.99(b) and (c) set forth the criminal provisions and penalty for a "person" who fails to obey and/or abide with an order to abate a nuisance.
At her May 19, 1997 trial, the city did not attempt to prove that Rayford still "owned" the Maplewood premises because she had control, care, charge or custody of those premises or because she had done any act to maintain or operate the premises at the time the notice of a public nuisance was issued. Instead, appellee sought to demonstrate that appellant was the title owner of the property at Maplewood Avenue by offering a copy of a real estate tax list, file-stamped May 9, 1997, prepared by the Lucas County Auditor. Appellant offered evidence to the contrary, insisting that she surrendered all legal interest in the Maplewood property to the trustee in bankruptcy prior to the issuance of the notice of a public nuisance.
We assume that, based on the following statutory procedures concerning the county auditor's real estate tax list, the trial court "presumed" no transfer of legal title from Rayford to any grantee occurred either before or during 1996.
Pursuant to R.C. 319.28, a county auditor is required, annually, to compile and make up a general tax list of real property in his or her county. This list must contain the name of the person in whom the property is titled. Id. If the owner of the land is unknown, the owner must be listed as "unknown." Id.
If the property is conveyed during the year, the grantee or his representative, presents the conveyance, along with other necessary supporting document(s) to the auditor. R.C. 319.202. Upon presentation, the auditor "shall endorse on the deed or other evidences of title presented to the auditor that the proper transfer of the real estate described in such deed has been made in the auditor's office, or that it is not entered for taxation * * *." R.C. 319.20(B).
The auditor must enter the address of the grantee, or any one of the grantees set forth in the deed, or other evidences of title, on the general tax list. Id. A county recorder cannot record a conveyance of land unless it bears the stamp of the county auditor stating the conveyance has been examined and is in compliance with the provisions in R.C. 319.202.
Based on these statutory requirements, we find the real estate tax list was sufficient evidence to show, beyond a reasonable doubt, that as of May 1997, no grantee had presented a conveyance of the Maplewood property to the Lucas County Auditor. Thus, the trial court could properly infer, beyond a reasonable doubt, that title to the Maplewood property was still held by appellant. Appellant's second assignment of error is found not well-taken.
Nevertheless, appellant urges, in her third assignment of error, that the trial court failed to consider her "defense" of "abandonment" of the property.
The municipal court made the following finding concerning appellant's evidence of lack of ownership of the subject property:
 "The fact that the defendant in this case indicated her intention to abandon this property by filing a bankruptcy I don't think is sufficient to overcome the requirements of the law in terms of her responsibility to answer to a criminal complaint or answering to maintaining the property."
Initially, we note the municipal court may have erred to the extent that its judgment suggests that appellant had the burden of proof in demonstrating that she was not the owner of the Maplewood property. Appellant's evidence of "abandonment" is not an affirmative defense. That is, appellant's evidence of lack of ownership goes to an essential element of the charged crime rather than a substantive or independent matter. State v. Poole (1973),33 Ohio St.2d 18, 20. Therefore, the city, at all times, bore the burden to prove, beyond a reasonable doubt, that Rayford was the owner of the property that constituted a public nuisance. Id.
However, error, if any, on the part of the trial court is harmless error pursuant to Crim.R. 52(A) and therefore clearly would not have changed the outcome of the trial under a plain error analysis.
"Abandonment," is defined in Hamilton v. Harville
(1989), 63 Ohio App.3d 27, as follows:
 "The word `abandonment' has been discussed by this court in Davis v. Suggs (1983), 10 Ohio App.3d 50, 52, 460 N.E.2d 665, 668, as an `"* * * absolute unequivocal relinquishment of a right or status without regard to self or any other person. It is a virtual throwing away without regard as to who may take over or carry on. It is a total discarding of what existed or went before; and evidence thereof must be direct, affirmative or reasonably beget the exclusive inference of throwing away." * * *'"
In the case before us, appellant offered evidence of the fact that she moved away from the Maplewood property in 1993, and stopped maintaining the property in June 1996. This evidence could be considered an unequivocal relinquishment of a possessory interest in the Maplewood property. Nevertheless, the court held that the state proved, beyond a reasonable doubt, that appellant still held legal title to the Maplewood property. Appellant's evidence, consisting of her bankruptcy filings, did not contradict or cast doubt on this finding.
When a bankruptcy case is commenced, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate. Kovacs v. Thomson, Hewitt O'Brien
(1997), 117 Ohio App.3d 465, 469, citing 11 U.S.C. § 541(a) and 301. Under Section 541, however, the trustee does not take title to the debtor's property. 5 Collier on Bankruptcy (15 Ed. 1998) 554-5, Section 554.02[3]. Rather, the trustee takes control of the property as part of the estate until such time the trustee "abandons" the property pursuant to 11 U.S.C. § 554. Thus, while appellant presented evidence showing the trustee in bankruptcy took control of the Maplewood property during the pendency of the bankruptcy proceedings, she failed to offer any evidence of the fact that the trustee in bankruptcy, or any other person, took legal title to that property. Consequently, her theory of "abandonment" had no effect on the outcome of this case and error, if any, on the part of the trial court in implying that appellant carried any burden of proof was harmless error.
For this reason, appellant's third assignment of error is found not well-taken.
The judgment of the Toledo Municipal Court is affirmed. Appellant, Georgia A. Rayford, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.