OPINION
Plaintiff/Appellant/Cross-Appellee, Larry Hickman appeals the judgment of the Hancock County Court of Common Pleas awarding him $1800 with interest from the date of the filing of the complaint. Defendant/Appellee/Cross-Appellant, James Cole cross-appeals the trial court's judgment.
The following disputed facts are relevant to this appeal. It appears that either in December 1994 or January 1995, Hickman and Cole entered into an agreement regarding Hickman's 1986 Peterbilt semi-tractor trailer truck ("truck"). Hickman claims that Cole agreed to purchase the truck by making two separate payments. Cole was allegedly to pay $400 a month for two years, effective January 1995. Cole was also supposed to make Hickman's monthly loan installment payments owed to Associates Commercial Corporation in the amount of $1,286.37 until such time as the amount is paid in full.
The record reveals that Cole paid $400 in January and February 1995 and $1,286.37 in January, February, March, June, and September 1995. Cole also paid $350 in April 1995 and $550 in July 1995 to Hickman.
Cole, however, contends that he agreed to operate the truck in order to recover some of Hickman's investment in the truck. Cole asserts that the truck was costly to repair and eventually he quit operating the truck due to the frequent breakdowns. Cole asserts that he paid Hickman $800 in two $400 installments for the gas which was in the truck and for tires for the truck. Cole also asserts that he was to only pay Hickman the monthly installment of $1,286.37 when the truck was operable.
Hickman claims that a written agreement was entered into between himself and Cole on September 1, 1995. The agreement stated the following: that Cole agreed to pay $5000 plus interest and refinance charges that he had borrowed for a motor; that Cole agreed to pay two back payments of $1286.37; that Cole agreed to pay balance of $400 per month for two years to be reduced after truck is paid off; and that Cole agreed to pay $2000 loaned for a different truck. The agreement is allegedly signed by Cole and Hickman, with Tami Tharp, who worked for Hickman at the time, signing as a witness.
At trial, Cole denied signing the agreement and asserts that he was in Michigan at the time the agreement was allegedly signed. John Frullo, who had been a police officer in Findlay for twenty-five years, testified that the alleged signature of Cole on the written agreement appears not to be Cole's signature. On cross-examination, Frullo testified that when he first compared signatures, he found that he could not make a determination.
Hickman claims that the $2000 referred to in the written agreement was a payment by Hickman to Cole for the purchase of a vehicle from Cole and for the painting of Hickman's jeep by Cole. Hickman claims that Cole never transferred the vehicle to him nor did Cole paint his jeep. Cole contends that he did $1500 worth of repairs to the jeep and that he owes Hickman the $500 difference.
Hickman also claims that he loaned his dual-tandem custom trailer ("trailer") to Cole who sold the trailer. Cole alleges that Hickman stored the trailer with Cole to keep it away from his wife during a divorce proceeding in 1992. Cole admitted that he sold the trailer for a television valued at $500 in July 1997.
Hickman filed a complaint and an amended complaint against Cole alleging five counts. In Count One, Hickman alleged that Cole contracted to buy the truck and asked for damages in the amount of $14,133.14. In Count Two, Hickman alleged that Cole borrowed $5000. In Count Three, Hickman alleged that Cole had the truck repaired at Peterbilt and Hickman had to pay $1009.66 plus interest. In Count Four, Hickman alleged that he loaned Cole $2000 to buy a Chevy Blazer. In Count Five, Hickman alleged that Cole borrowed the trailer and refused to return the same, which was valued at $1300.
Cole filed an answer and an amended answer. Cole then moved for summary judgment, which was overruled by the trial court. A bench trial resulted in a partial judgment for Hickman. Specifically, the trial court awarded Hickman $500 of the loan made to Cole for Cole to purchase a Chevy Blazer (Count Four) and $1300 for the trailer (Count Five). Both awards included interest from the date of the filing of the complaint.
Now Hickman and Cole each assert three assignments of error. We will address Hickman's assignments of error first.
As an initial note, our review of an appeal is limited to assignments of errors. App.R. 16; Loc.App.R. 11. However, in the interests of justice, we will treat Hickman's "questions presented for review" as "assignments of error" in the present appeal.
APPELLANT'S ASSIGNMENT OF ERROR NO. I
 In applying the doctrine of quantum meruit, the trial court erred as a matter of law when it failed to find unjust enrichment on the part of the Appellee who had earned $65,000.00 through the use of Appellant's 1986 Peterbilt upon which the Appellee had failed to pay $17,767.59 worth of installment payments.
Under his first assignment of error, Hickman asserts that at trial he established a claim for recovery on the theory of quantum meruit.
Preliminarily, we note that the trial court found that the agreement concerning the truck between Hickman and Cole was within the Statute of Frauds, as it was an agreement that could not be performed within one year. See R.C. 1335.05. However, "[e]ven though a contract is unenforceable under the statute of frauds because it is not in writing, a plaintiff who has fully performed his part of the contract may maintain an action for money had and received against the other contracting party who is the recipient of a benefit to his unjust enrichment, by the plaintiff's performance, but refuses to perform himself; the basis of the liability is the quasi-contractual relation to which the law gives rise." Hummel v. Hummel (1938), 133 Ohio St. 520, 528-29
(citations omitted).
Turning now to the merits of Hickman's first assignment of error, we find that a "party seeking recovery on the basis of quantum meruit must be able to show some element of unjust enrichment of the defendants from whom recovery is sought." Norton v. Galion (1989), 60 Ohio App.3d 109, 110.
 The purpose of an action in quantum meruit is to prevent unjust enrichment. In order to succeed in an action in quantum meruit, the plaintiff "must show that he conferred a benefit upon another and that the circumstances render it unjust and inequitable to permit the other to retain the benefit without making payment therefor." National City Bank v. Fleming (1981), 2 Ohio App.3d 50, 57.
Linn Acres Soils Serv., Inc. v. BancOhio Natl. Bank (Jan. 14, 1992), Crawford App. No. 3-91-5, unreported. We note that "[a] reviewing court may not reverse a judgment which is supported by some 'competent, credible evidence going to all the essential elements of the case.'" Linn Acres Soils Serv., Inc., supra, citing C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,280.
In the present case, Hickman contends that evidence exists to demonstrate that Cole earned money through the use of the truck. Specifically, Cole testified that he used the truck from January 1995 to December 1995 and that Cole earned a gross income from the truck of $65,000. Hickman also contends that Cole did not make the required installment payments totaling $17,767.59. Accordingly, Hickman argues that trial court decision should be overturned.
After a bench trial, the trial court stated that there was "no indication as to how much income the Defendant [Cole] earned through the use of the truck or how much the repairs he made were, and if so, how much credit should he be given for such repairs." From this, the trial court stated that it was inclined to leave the parties where the court found them and thus, the trial court did not award any amount to Hickman.
After a review of the record, we find that the transcript does state that Cole earned approximately $65,000 in total gross. Cole, however, testified that his net income for the one-year period between January 1995 and December 1995 was less than $10,000. In addition, Hickman testified that "drivers usually make about 24, 25 percent of the gross [sic] what they take in * * *." At trial, there was also testimony by Cole and Heath Hill, who also operated the truck, about various breakdowns and repairs of the truck. After reviewing the above principles of law and the record in this matter, we find competent, credible evidence that supports the trial court's finding that the record did not indicate that Cole was unjustly enriched.
We are also not persuaded by Hickman's alternative argument that he may recover the detriment he suffered by making the monthly loan installments himself. Under the quantum meruit theory, Hickman is able to recover only what Cole actually benefited, not the detriment Hickman suffered. Accordingly, we overrule Hickman's first assignment of error.
APPELLANT'S ASSIGNMENT OF ERROR NO. II
 After having found that Appellant's evidence established a written contract between the parties and that Appellee's testimony in negation of the existence of the contract was "inconclusive," the trial court abused its discretion in finding that Appellant failed to prove the contract by a preponderance of the evidence.
Under his second assignment of error, Hickman contends that he established and Cole failed to rebut the fact that a contract was entered into on September 1, 1995. As a result, Hickman alleges that Cole owes him the sum of $5442 plus interest.
 Upon appellate review, the existence of a contract raises a mixed question of fact and law. We accept the facts found by the trial court on some competent, credible evidence, but freely review application of the law to the facts. A reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use their observations in weighing credibility of the proffered testimony.
McSweeney v. Jackson (1996), 117 Ohio App.3d 623, 632, citing In re Jane Doe I (1991), 57 Ohio St.3d 135; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
In its decision, the trial court determined that Hickman failed to carry his burden of proof by a preponderance of the evidence and thus, he failed to establish the existence of the alleged written contract dated September 1, 1995. Specifically, the trial court found that Hickman did not establish that Cole signed the alleged written contract.
After a complete review of the record, we conclude that there was competent, credible evidence to support the trial court's determination. Frullo testified that although he at first found that he could not determine whether the signature on the written contract was the signature of Cole, he now felt that the signature was not Cole's signature. Cole testified that he was in Michigan on September 1, 1995 and that he did not sign the written contract. Thus, we find that there was competent, credible evidence to support the trial court's determination that Cole did not sign the contract. Accordingly, Hickman's second assignment of error is overruled.
APPELLANT'S ASSIGNMENT OF ERROR NO. III
 The trial court abused its discretion in reducing the $2,000.00 obligation owed by Appellee to Appellant based upon allegations of repairs made when the trial court found that Appellee could "produce no evidence" of such repairs.
Under his third and last assignment of error, Hickman asserts that the trial court erred in finding that Cole did $1500 of work to Hickman's jeep. For the following reasons, we disagree.
At trial, Cole admitted that he had received $2000 from Hickman in return for the purchase of one of Cole's automobiles and for the painting of Hickman's jeep by Cole. Cole admitted that he did not convey the vehicle to Hickman, but claimed to have performed $1500 worth of repairs on the jeep. Cole admitted that he owed Hickman $500. Hickman denied that Cole ever did any work on the jeep. The trial court found that the testimony is "in equipoise" and awarded Hickman $500 based upon Cole's admission that he owed Hickman as much.
As the trial court was the trier of fact, we affirm the trial court's judgment as it is supported by competent, credible evidence. Seasons Coal Co., supra. Accordingly, we overrule Hickman's third assignment of error and we will now address Cole's three assignments of error.
CROSS-APPELLANT'S ASSIGNMENT OF ERROR NO. I
 The Common Pleas Court of Hancock County, committed error, prejudicial to Defendant Cole, Cross Appellant, in overruling and dismissing Defendant's motion for summary judgment.
Under Cole's first assignment of error, he contends that the trial court erred in overruling his motion for summary judgment without a hearing.
First, we will address Cole's argument that he was entitled to a hearing on his motion for summary judgment. Cole moved for summary judgment on April 6, 1998. The trial court then ordered Hickman to file a response by May 6, 1998 and for Cole to file a reply by May 20, 1998. Hickman filed a response to Cole's motion for summary judgment on May 6, 1998 and Cole filed a reply on May 18, 1998. The trial court overruled Cole's motion for summary judgment on July 6, 1998.
 In Gates Mills Invest. Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 164, it was held that an oral hearing on every motion for summary judgment is not mandatory, even if one is requested. In addition, "failure to make an application for a hearing on a motion for summary judgment by either party constitutes a waiver of the right to a hearing." Id.
Ohio Co. v. Stambaugh (June 12, 1998) Montgomery App. No. 97 CA 96, unreported. Having failed to request a hearing, Cole is deemed to have waived any right he may have had to the same.
Second, we will consider whether summary judgment was properly denied in this matter. In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996),113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).
Here, Hickman's amended complaint alleges the following: that Hickman and Cole entered into an oral contract concerning the purchase of the truck; that Hickman and Cole entered into a written contract whereby Hickman loaned Cole $5000 to purchase and install a new engine in the truck (the alleged contract was attached to Hickman's original complaint as Exhibit A); that Cole incurred expenses for the repair of the truck which Hickman paid for; that Cole agreed to pay to Hickman $2000 from a loan to Cole for the purchase of a 1972 Chevy Blazer; and that Cole borrowed a dual tandem trailer and sold the same.
In his answer, Cole alleged that the signature on Exhibit A, the alleged contract between Cole and Hickman, was not his. As a motion for summary judgment is an assertion by the moving party that no genuine issue of material fact exists, we find the trial court properly overruled Cole's motion. Specifically, we find that a genuine issue of material fact existed as to whether the signature on Exhibit A belonged to Cole. Accordingly, we overrule Cole's first assignment of error.
CROSS-APPELLANT'S ASSIGNMENT OF ERROR NO. II
 The Common Pleas Court of Hancock County, Ohio committed error, prejudicial to Defendant Cole, Cross Appellant, by finding that "Count V constituted a bailment" of personal property worth thirteen hundred dollars.
Under his second assignment of error, Cole contends that the trial court erred by finding the existence of a bailment. Specifically, Cole asserts that Hickman abandoned the trailer and that Hickman's claim is barred by the statute of limitations. In the alternative, Cole contends that the trial court erred in determining the value of the trailer.
First, we find that the trial court properly found the existence of a bailment. In order for a bailor to establish a prima facie case against a bailee in an action sounding in contract, the bailor must show "(1) the contract of bailment, (2) delivery of the bailed property to the bailee and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment." David v. Lose (1966), 7 Ohio St.2d 97, paragraph one of the syllabus. See, also, Ted Ruck Co. v. High Quality Plastics, Inc. (1993), Hancock App. No. 5-93-6, unreported. A mutual benefit bailment has been defined as "a bailment arising by operation of law or express contract, which exists where personal property is delivered by the owner to another person" and "[b]oth parties benefit in the exchange." Mills v. Liberty Moving Storage, Inc. (1985), 29 Ohio App.3d 90,92.
In the case sub judice, the trial court found that a mutual benefit bailment existed between Hickman (bailor) and Cole (bailee) concerning the trailer. We find that competent, credible evidence exists to support the trial court's finding.
Cole testified that he received the trailer from Hickman in 1992 because Hickman wanted to keep the trailer away from his wife during divorce proceedings. Cole also testified that he hauled cars with the trailer while he had the trailer. In addition, Cole stated that he stored a truck on the trailer for a few years because "it only took up one space with the truck on it." Cole testified that he never asked for storage fees for storing the trailer on his property. Cole admitted that in July 1997 he sold the trailer to Lenny Shaffer for a television set, which Cole valued at five hundred dollars. Cole also admitted that he "probably made a mistake in selling it" and that he didn't feel Hickman was transferring ownership of the trailer to Cole. Cole testified that Hickman did ask for the return of the trailer.
Hickman testified that he had the trailer since about 1980. Hickman claims he loaned Cole the trailer to haul cars, as he had no place to keep the trailer. Hickman testified that he had expected the trailer to be returned. Hickman stated that he had called Cole in 1997 and asked for the return of the trailer because he needed to haul a telephone pole. Hickman testified that he told Cole that he would have given a thousand dollars for it fifteen years ago when he bought it and that he figured it would be worth a thousand or twelve hundred dollars now. Cole allegedly told Hickman that he had received one thousand dollars for the trailer. After learning Cole sold the trailer, Hickman filed a police report concerning the trailer. Hickman testified that a new trailer costs between $2000 and $2500.
From the testimony of Hickman and Cole, we find that competent and credible evidence exists to support the trial court's determination that a bailment existed. Hickman affirmatively delivered the trailer to Cole for storage and to let Cole use the trailer to haul vehicles. Hence, Hickman and Cole entered into a bailment situation. Cole, however, failed to return the trailer to Hickman. Accordingly, Cole is liable for damages because he sold the trailer to Shaffer. Therefore, we do not find merit in Cole's first argument under this assignment of error.
Second, we note that we do not find merit in Cole's argument that Hickman abandoned the trailer.
 In order to abandon property, the owner must unequivocally relinquish the rights to it so that the owner's conduct amounts to a virtual throwing away or total discarding of the property. See Hamilton v. Harville (1989), 63 Ohio App.3d 27. Proof of intent to abandon along with acts or omissions implementing the intent must be shown. Id.
Markovich v. Hunt (Jan. 19, 1995), Lawrence App. No. 94CA16, unreported. At trial, Cole admitted that he "probably made a mistake in selling it [the trailer]" and that he didn't feel that Hickman had transferred ownership of the trailer to him. Accordingly, we do not find that the trial court erred in finding that a bailment existed between Hickman and Cole.
Third, even assuming, without deciding, that R.C. 2305.09 is applicable to this matter, the four-year statute of limitations period began in 1997 when the cause arose, that is, when Cole refused to return the trailer to Cole. Accordingly, the claim would not be barred until 2001. Therefore, we do not find merit in this argument.
Fourth, upon review, we conclude that the amount awarded to Hickman by the trial court for the trailer is not supported by the evidence.
 In discussing the measure of damages where the action concerns bailed property, it is stated in 8 American Jurisprudence 2d 1220, Bailments, Section 333: 'As in any other action for the conversion, or for the loss or destruction, of property due to a wrongful act, when the action concerns the subject matter of a bailment, the value of the property for purposes of ascertainment of the damages is ordinarily determined by reference to its fair market value if it has such a value. * * *'
Maloney v. General Tire Sales, Inc. (1973), 34 Ohio App.2d 177,184. The trial court awarded Hickman $1300 for the trailer. At trial, however, no evidence existed to demonstrate that $1300 was the fair market value of the trailer. Accordingly, we reverse the amount of damages awarded to Hickman for the trailer and we remand this matter to the trial court for a proper determination of the amount of damages owed to Hickman for the trailer.
Cole's second assignment of error is overruled in part and sustained in part.
CROSS-APPELLANT'S ASSIGNMENT OF ERROR NO. III
 The Common Pleas Court of Hancock County, Ohio committed error, prejudicial to Defendant Cole, Cross Appellant, by finding that Plaintiff should receive prejudgment interest.
Cole asserts and Hickman concedes that prejudgment interest is only applicable in limited cases. Specifically, R.C.1343.03(C)(1) provides in part:
 * * * interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the plaintiff gave the defendant written notice * * * if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
As this matter did not comply with R.C. 1343.03(C)(1), we sustain Cole's third assignment of error. Accordingly, we reverse the trial court's award of prejudgment interest and we remand this matter for the trial court to award interest from August 7, 1998 (the date of the final judgment entry) pursuant to R.C. 1343.03(A) and (B).
In sum, we overrule Hickman's three assignments of error and Cole's first assignment of error. We sustain in part Cole's second assignment and we sustain Cole's third assignment of error. Accordingly, we remand this matter to the trial court for the trial court to properly determine the amount of damages owed to Hickman for the trailer and for the trial court to award interest from August 7, 1998 (the date of the final judgment entry) pursuant to R.C. 1343.03(A) and (B).
 Judgment affirmed in part and reversed in part and cause remanded for further proceedings consistent with this opinion.
WALTERS, and SHAW, JJ., concur.