OPINION
Raymond Weaver is appealing from the decision of the Area 2 County Court of Montgomery County, Ohio, overruling his motion for 60(B) relief from a prior judgment of the court ordering him to remove all his personal property from premises owned by Doris J. Weaver[1] on or before a certain time and date and finding that if the property is not removed, it "shall be considered abandoned and disposed of by Plaintiff." The plaintiff is Doris J. Weaver who brought an action against Raymond (for the sake of clarity, the parties will be referred to by their first names) to force him to remove from her premises forty-one separately listed articles of personal property.
The record demonstrates that Doris had been trying for over six months, through correspondence from her attorney, to get Raymond to remove these possessions of his. Finally, she filed a complaint on February 12, 1999, and the court issued a writ of restitution on March 2, 1999, which contained the above-quoted phraseology. The court issued the writ following a hearing on the same day where Raymond personally appeared and was told by the court, from the bench, that unless he removed what was left of his property from her premises, the sheriff would do it for him. The writ actually gave Raymond until 9:00 a.m. on March 10, 1999, to remove the property. He was told explicitly the property would be considered abandoned if he did not remove it within the ten days allotted.
After the expiration of the ten days, counsel entered an appearance for Raymond and filed a 60(B) motion arguing that the court does not have authority to order Raymond's property abandoned and disposed of by plaintiff. The court subsequently overruled the motion, stating in its entry that: "Considerable problems have been incurred in the past with attempting to have storage companies hold property in a safe place. Consequently, the policy of considering property abandoned after a certain specified date was adopted as a County Court Policy. This policy is consistent with the policy followed by other Courts and is consistent with Ringer v. Sias 68 O. APP.2d 230 (1980)."
Raymond filed a timely appeal and assigns as error the following:
 THE TRIAL COURT ERRED WHEN IT EXCEEDED ITS AUTHORITY AND JURISDICTION IN ORDERING THAT "ALL FURNITURE/PROPERTY FOUND UPON THE PREMISES SHALL BE CONSIDERED ABANDONED AND DISPOSED OF BY SAID PLAINTIFF" AND ERRED WHEN IT FAILED TO GRANT RELIEF FROM JUDGMENT.
"Abandonment" has been defined as "a virtual throwing away without regard as to who may take over or carry on." Davis v.Suggs (1983), 10 Ohio App.3d 50, 52, 460 N.E.2d 665, 668. See also the definition of abandonment in 1 Ohio Jurisprudence 3d (1998) 7, Abandoned and Loss Property, Section 1. It is difficult to imagine a clearer example of abandonment than the one here, where the defendant was expressly told by a court that his property would be considered abandoned if he did not remove it from the premises of the plaintiff within a time certain. One who has abandoned property forfeits any interest in it and has no say over its subsequent disposition. The appellant's arguments, therefore, are without merit.
The assignment of error is overruled.
The judgment is affirmed.
BROGAN, J. and KERNS, J.
(Hon. Joseph D. Kerns sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Ronald D. Keener
Don A. Little
Hon. James A. Hensley, Jr.
[1] The parties are not related.