CITY OF BOWLING GREEN, APPELLEE, *v.* SARVER, APPELLANT.

(No. WD-82-82—Decided April 15, 1983.)

*Mr. Warren J. Lotz,* city prosecutor, for appellee.

*Mr. Robert W. Maurer,* for appellant.

*Per Curiam.* This case comes before this court on appeal from the judgment of the Bowling Green Municipal Court.

Appellee, the city of Bowling Green, Ohio, commenced this action by filing a criminal complaint and amended criminal complaint against appellant, Rolland Sarver, charging appellant with a violation of the city's zoning code in using certain property, zoned R-2 Single Family Residential, as a multifamily dwelling. Appellant entered a plea of not guilty, contending that his use of the property in question as a multifamily dwelling constituted a legal nonconforming use of said property. Appellee contended, however, that such legal nonconforming use had lapsed as a result of the voluntary discontinuance of such use by appellant's predecessor in interest for more than two years. After a trial to the court, appellant was found guilty of violating the city's zoning code and was sentenced thereon.

From that judgment, appellant appeals, presenting the following, labeled propositions of law, which we shall consider as appellant's assignments of error (but, see, App. R. 12[A] and 16[A][2] ):

"I. The judgment illiminating [*sic*] a non-conforming use by applying the zoning 'passage of time test' or the 'rebuttable presumption test' to a non-conforming use is not applicable where the statute requires a 'voluntary discontinuance' where ample evidence is presented of the owner's efforts to use said non-conforming use and where the owner makes continual efforts to not only maintain but improve said non-conforming use.

"II. A criminal conviction cannot be upheld where the criminal statute is ambiguous and/or where reasonable minds could not adequately interpret said statute; and/or where the statute must be strictly construed in the state's favor to support the conviction.

"III. The judgment of the trial court is against the manifest weight of the evidence produced, where a person is convicted of a crime to-wit: A 'zoning violation,' where the criminal statute requires 'intent' to abandon a non-conforming use and the evidence shows only a 'lack of renting' but no 'intent' or abandonment of 'use.' "

We shall consider appellant's assignments of error together since related issues are raised therein, to wit: whether the trial court erred in construing the ordinance, statute, and applicable tests in determining whether appellant's predecessor in interest had voluntarily discontinued the nonconforming use.

Section 150.76 of the Zoning Code of the city of Bowling Green provides as follows:

"A nonconforming use of a dwelling, building, or other structure, or land or portions thereof, which is *voluntarily discontinued for a continuous period of 2 years* shall not again be used except in the conformity with the regulations of the district in which it is located." (Emphasis added.)

R.C. 713.15 provides, in pertinent part, that:

"The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the

time of enacting a zoning ordinance or amendment thereto, may be continued, although such use does not conform with the provisions of such ordinance or amendment, but if any such nonconforming use is *voluntarily discontinued for two years or more,* any future use of such land shall be in conformity with sections 713.01 to 713.15, inclusive, of the Revised Code. * * *'' (Emphasis added.)

Our review of the record reveals the following pertinent information. On January 6, 1975, the property in question was zoned R-2 Single Family residential. Prior to that time and for some period thereafter, the structure thereon, which consisted of three separate apartments, was used as a multifamily dwelling. However, no one lived on the premises during the period from January 1, 1978 to May 31, 1982.

During most of that period, the property was owned by appellant's predecessor in interest. While the predecessor in interest did undertake some remodeling and repair of the premises, he did not rent any of the apartments during this period, despite the fact, as the evidence indicates, that one or more of the apartments were in habitable condition throughout this period. Further, testimony was presented at trial indicating that appellant's predecessor in interest had stated, in various conversations with neighbors, that he did not want to rent the apartments and that he was primarily interested in using the property as a "tax write off."

In January 1981, appellant purchased the property. After doing some additional remodeling, appellant rented the apartments to three unrelated families or persons.

Upon considering the foregoing and other facts, as adduced at trial, the trial court determined that appellant's predecessor in interest had voluntarily discontinued the legal nonconforming use of the property as contemplated by the ordinance and held that:

"* * * [w]here the owner for more than a four-year period stopped renting the three units in his building and remodeled the building periodically during his spare time, but could have completed the remodeling of the three apartments in less than two years or could have continued the renting of at least two apartments during the remodeling of a third apartment, he has within the meaning of the ordinance 'voluntarily discontinued' his use of the building as a legal nonconforming use."

In reaching this determination, the trial court, having considered the case law in Ohio and other jurisdictions, set forth the following conclusions of law:

"7. a. This court concludes that the Bowling Green ordinance:

"—adopts the parameters of the state of Ohio's enabling statute, namely, section 713.15 of the Revised Code (eff. 8-27-57);

"—contains a reasonably long period of time (two years) for a permissible nonuse of the premises without loss of the right to resume the legal nonconforming use, so as to satisfy due process requirements;

"—reflects a legislative intent to eliminate ultimately discontinued legal nonconforming uses that an owner voluntarily has failed to resume within the two year time period.

"b. Further, this court concludes that Mr. Sarver's predecessor in interest voluntarily discontinued for a continuous period of more than two years his legal nonconforming use of the premises as a multifamily residential purpose in a single family residential one, within the meaning of the voluntary discontinuance ordinance.

"c. Therefore, Mr. Sarver's use of the premises as a triplex (multifamily residential purpose) was not a legal nonconforming use. Rather, it was an illegal

282

use. He must be found guilty of the charge."

Appellant, however, argues that the trial court erred in determining that appellant's predecessor in interest voluntarily discontinued the nonconforming use of the property in question in the absence of a showing of a manifest intention to abandon such nonconforming use. We do not agree.

Upon consideration of the ordinance, statute, applicable case law, and the trial court's well-reasoned decision, we concur in Judge Bachman's holding below that:

"* * * [W]here the owner of a building located in a single-family residential zone is using it as a legal nonconforming use, namely, a multifamily residence, but then ceases that use continuously for a period of at least two years, because of his own free will and option rather than because of circumstances beyond his control, he or his successor in interest may not thereafter recommence that former legal nonconforming use and must use the building only for a single-family residence or any other use permitted in a single-family residential zone."

See *Marchese* v. *Norristown Borough Zoning Bd. of Adjustment* (1971) 2 Pa. Commw. 84, 277 A. 2d 176; 1 Anderson, American Law of Zoning (2 Ed. 1976) 502-505, Section 6.63.

We, therefore, find appellant's assignments of error not well-taken.

On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Bowling Green Municipal Court is affirmed.

*Judgment affirmed.*

DOUGLAS and HANDWORK, JJ., concur.

CONNORS, P.J., dissents.