OPINION
In this accelerated calendar case, submitted on the record and the briefs of the parties, appellant, Walter Brettrager, appeals from the judgment of the Mentor Municipal Court entered on February 22, 2000. After a bench trial, appellant was found to have violated Mentor Zoning Code 150.244(J)(4), which prohibited the parking of commercial vehicles that weighed in excess of 5,050 pounds at dwellings in the residential neighborhood in which appellant resided. Appellant kept his tow-truck parked in his driveway. The ordinance he was prosecuted under became effective in October of 1996.
The issue in this case is appellant's use of his property. Inherent in the use issue is the determination of whether appellant had established a pre-existing use which encompassed the parking of vehicles weighing over 5,050 lbs. at the property as a legitimate part of the established use. The parties stipulated that the vehicle appellant had parked in his driveway, at the time of his prosecution in 1999, weighed in excess of 5,050 lbs.
Appellant moved into his residence in 1959. Subsequently, when the city of Mentor ("the city") incorporated in 1961, the home fell within the jurisdiction of the city. When appellant moved into his home in 1959, his primary business was that of a landscaper. Appellant also owned a flat-bed tow-truck and operated a towing business from his home. He parked the truck in the driveway. Appellant admits that in 1963, the city first adopted an ordinance that regulated the parking of commercial vehicles, although neither this ordinance nor the specifics of what it prohibited are part of the record. However, by implication, due to the lack of any prior regulation, appellant has provided evidence establishing a prior lawful non-conforming use, meeting his burden on that issue. Petti v.Richmond Heights (1983), 5 Ohio St.3d 129, 130, fn. 2.
At trial, appellant testified that he has been operating a tow-truck business out of his residence since 1959. No evidence was introduced which contradicted this statement. Thus, appellant's testimony established that he has parked a tow-truck at his residence continuously since 1959. In 1959, and for a period thereafter, it appears appellant towed vehicles exclusively for the Cleveland Auto Club. Later, it appears he established a sole-proprietorship, Walt's Towing. It is not clear from the record when, or if, towing ever became appellant's primary business. However, appellant's testimony indicates a tow-truck was continuously parked at the residence since 1959.
The city first adopted a zoning ordinance regulating the parking of commercial vehicles in 1963, although the specifics of this regulation are not in the record, and a ban on vehicles weighing in excess of 5,050 lbs. may not have been in effect at that time. The record does establish that as of 1987, the zoning ordinance prohibited vehicles weighing in excess of 5,050 lbs. from parking in appellant's neighborhood. Appellant was prosecuted under an amended ordinance that became effective in 1996.
Upon the trial and the briefs of the parties, the trial court found appellant violated Mentor Zoning Code 150.244(J)(4). The trial court found appellant started a towing business after the law was passed and has been "in and out" of the towing business since that time. In its judgment entry, the trial court stated "[w]hile defendant may have conducted towing during his landscaping business prior to the law, once that stopped, then a new and different business violates the ordinance." (Emphasis added.) From this judgment, appellant timely filed notice of appeal.
In appellant's first assignment of error, he argues, that his citation for violating Mentor Zoning Code 150.244(J)(4) violates the Ohio and United States Constitutions because the law is being retroactively applied. In Akron v. Chapman (1953), 160 Ohio St. 382, the Supreme Court of Ohio stated:
 "[T]he right to continue to use one's property in a lawful business and in a manner which does not constitute a nuisance and which was lawful at the time such business was established is within the protection of Section 1, Article XIV, Amendments, United States Constitution, and Section 16, Article I of the Ohio Constitution, providing that no person shall be deprived of life, liberty or property without due process of law." (Emphasis in original.) Id. paragraph two of the syllabus.
This constitutional protection has been codified in Ohio law in R.C.713.15, which states:
 "The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enacting a zoning ordinance or an amendment to the ordinance, may be continued, although such use does not conform with the provisions of such ordinance or amendment, but if any such nonconforming use is voluntarily discontinued for two years or more, or for a period of not less than six months but not more than two years that a municipal corporation otherwise provides by ordinance, any future use of such land shall be in conformity with sections 713.01 to 713.15 of the Revised Code."
Under this statute, if appellant was maintaining a tow-truck in his driveway prior to the enactment of the ordinance, then he retained the right to continue that use so long as he did not voluntarily discontinue that use for a period of two years. If, as the city maintains, there had been a voluntary discontinuance of the use, the city had the burden of demonstrating that fact at trial. Bd. of Trustees of Williamsburg Twp.v. Kriemer (1991), 72 Ohio App.3d 608, 611. If, in conjunction with R.C.713.15, the city of Mentor has adopted an ordinance shortening the time period constituting voluntary abandonment, then that ordinance would provide the operative time frame for abandonment, not less than six months. In its judgment entry, the trial court did not specifically address the issue of whether any discontinuation of the use exceeded the statutory period necessary to eliminate appellant's right to continue the non-conforming use. The city did not present any evidence on this issue whatsoever.
Thus, the trial court's judgment entry is deficient on its face in that it fails to apply the legal standard for the abandonment of a permissible nonconforming use. Once it is established that appellant had a prior lawful use which he was entitled to continue, then there must be a finding that the use was abandoned for two years, or for the length of time prescribed in a valid municipal ordinance after the new law was enacted. The judgment entry indicates a finding that a particular business use of appellant's truck stopped, but no finding was made with respect to whether the use stopped for the statutory period of time that would constitute abandonment of the use. In the absence of such a finding, the judgment entry is legally deficient.
The city had the burden of demonstrating that any discontinuation of the towing business exceeded the statutory period necessary to qualify as abandonment of the use. It presented no evidence relevant to meeting this burden. Whether, at one point in time, appellant towed exclusively for a company and, at another time, operated as a sole-proprietor is irrelevant to this determination.
Appellant's first assignment of error has merit. As the second assignment of error is moot, we will not address it. The judgment of the trial court is reversed, and the case is remanded in order for the trial court to dismiss the charges against appellant.
CHRISTLEY, J., concurs in judgment only,
NADER, J., concurs.