OPINION
{¶ 1} Plaintiff-appellant, Village of New Richmond ("Village"), appeals a Clermont County Court of Common Pleas decision finding that defendant-appellee, David Painter's, mobile/manufactured home was a lawful pre-existing nonconforming use of his property. We affirm the decision of the trial court.
 {¶ 2} The Village of New Richmond passed a zoning code in 1975 that did not permit mobile or manufactured homes on the property upon which appellee's mobile/manufactured home ("home") is located. This property is located at 503 Washington Street, New Richmond, Ohio. However, the home has been in place since approximately 1973, and so was permitted to remain as a pre-existing nonconforming use. Appellee purchased the home and property in 1984. He rented the home from 1985 through 1997.
 {¶ 3} In March 1997, a flood damaged the home. Appellee performed many repairs on the property, including repairing the skirting, washing the walls, leveling the deck, removing the furniture and carpet, and cleaning the refrigerator. In May 1997, the Village issued an occupancy permit to appellee for the home. Appellee continued to pay taxes on the property and home and maintain it; however, no one lived in the home after the 1997 permit was issued.
 {¶ 4} In March 2001, the Village sent notices to appellee notifying him of noncompliance with existing zoning ordinances because no individuals had lived in the home since 1997. In May 2001, the Village notified appellee that it considered the home as being stored on the property.
 {¶ 5} Consequently, the Village filed a declaratory judgment action against appellee. The trial court overruled the action and found that appellee maintained a lawful pre-existing nonconforming use of the property. The Village appeals raising one assignment of error as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN RULING THAT APPELLEE DID NOT VOLUNTARILY DISCONTINUE OR ABANDON THE PRE-EXISTING NONCONFORMING USE OF HIS MOBILE HOME LOCATED AT 503 WASHINGTON STREET, NEW RICHMOND, OHIO."
 {¶ 7} The Village maintains that appellee has voluntarily discontinued or abandoned the nonconforming use of the home on the property for a period of more than two years. Therefore, it argues that appellee is in violation of the Village's zoning ordinance pertaining to the type of buildings that may exist where the lot is located.
 {¶ 8} Article 4, Section 403.3 of the Village's zoning ordinance states that "[i]f any such nonconforming uses of land are discontinued for more than two (2) years, (except when government action impedes access to the premises), any subsequent use of such land shall conform to the regulations specified by this ordinance for the district in which such land is located."
 {¶ 9} The Village retains the burden of proving that appellee has voluntarily discontinued or abandoned the nonconforming use. Board ofTrustees of Williamsburg Twp. v. Kriemer (1992), 72 Ohio App.3d 608. The Village must establish that there has been a manifest intention to abandon the nonconforming use. Bowling Green v. Sarver (1983),9 Ohio App.3d 279. "Abandonment requires affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent." Davisv. Suggs (1983), 10 Ohio App.3d 50, 52. Non-use alone is insufficient to establish abandonment. Id.
 {¶ 10} Appellee has admittedly not rented or used the home as a dwelling for more than two years. Appellee also admits that he needs to replace the carpet in the home and reconnect the water, because the Village disconnected it. However, appellee testified that he did not intend to abandon the use of the home. After the flood, among other things, he replaced the water valve, repaired the skirting, washed the walls and leveled the deck. Appellee also testified that he continued to maintain the home, visiting it weekly to do such things as mow the lawn, coat the roof, check the electricity, and check the windows. Appellee paid the property taxes and mobile/manufactured home taxes on the property.
 {¶ 11} The Village cites to Sarver and Bell v. Rocky River Boardof Zoning Appeals (1997), 122 Ohio App.3d 672 for the proposition that once an owner discontinues the nonconforming use of property, the owner loses the nonconforming status. In Sarver, testimony was presented that the prior property owner did not want to continue the nonconforming use of renting the apartments on the property. In Bell, the property owner, who had operated a gasoline station as a nonconforming use, admittedly removed the gasoline tanks and stated that she intended to voluntarily discontinue selling gasoline forever.
 {¶ 12} Unlike the property owners in Sarver and Bell, appellee has never affirmatively stated that he wants to discontinue the present nonconforming use of his property. Appellee has stated that he wants to continue using the property as a home.
 {¶ 13} We cannot find error in the trial court's determination that the Village failed to establish that appellee abandoned or discontinued the nonconforming use of the property. Accordingly, the Village's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.