[Cite as *Hoot v. Spencer Twp. Bd. of Zoning Appeals*, 2015-Ohio-3944.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Jerald D. Hoot, Jr., et al.

     Appellants

v.

Spencer Township Board of
Zoning Appeals

     Appellee

Court of Appeals No. L-15-1040

Trial Court No. CI0201402215

**DECISION AND JUDGMENT**

Decided:  September 25, 2015

* * * * *

Howard B. Hershman, for appellants.

Julia R. Bates, Lucas County Prosecuting Attorney, John A. Borell
and Karlene D. Henderson, Assistant Prosecuting Attorneys, for appellee.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellants, Jerald and Shirley Hoot, appeal the judgment of the Lucas

County Court of Common Pleas, affirming the decision of the Spencer Township Board

of Zoning Appeals, which in turn upheld a notice of zoning violation issued to appellants. For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On September 25, 2012, appellants received a "stop zoning violation" notice from the Spencer Township Zoning Inspector regarding the nonconforming use of land located at 230 Meilke Road, Holland, Ohio. Appellants are the owners of the subject property, which is currently zoned for residential use, but qualifies as a nonconforming commercial use because of the longtime operation of a salvage yard at the property. Most recently, the salvage yard was operated by Dad's Auto Parts, LLC. However, in August 2010, Dad's Auto Parts, LLC withdrew from the property and relocated their inventory to another facility. Thereafter, appellants reacquired the property from Dad's Auto Parts, LLC via a foreclosure sale.

{¶ 3} Per the zoning violation notice, appellants were directed to cease all commercial activity on the premises. The notice was based upon the zoning inspector's determination that the nonconforming use was no longer applicable because appellants abandoned the use of the property as a salvage yard. The forfeiture of the right to utilize the property as a salvage yard followed from Section 1402(C) of the Zoning Resolution of Spencer Township, which provides: "If any such non-conforming use of land is discontinued or abandoned for more than two (2) consecutive years, any subsequent use of land shall conform to the requirements specified by this Resolution for the district in which such land is located."

2.

{¶ 4} Upon receipt of the zoning violation notice, appellants appealed the matter to the Spencer Township Board of Zoning Appeals, the appellee in this action. A two-day hearing on the zoning violation was held on March 20, 2014, and March 27, 2014. Several witnesses were called to testify at these hearings, including the Spencer Township Zoning Inspector, John Meyers, as well as several neighbors who own property adjacent to appellant's salvage yard. In essence, these witnesses testified that they observed no business activity at the salvage yard since the relocation of Dad's Auto Parts, LLC in August 2010. Specifically, phone calls to the number listed for the salvage yard went unanswered, the office was unstaffed, and snow was not plowed from the property in the winter.

{¶ 5} In support of their argument that the salvage yard was not abandoned for a period of two years, appellants produced seven handwritten receipts prepared by Mr. Hoot evidencing sales of auto parts from the salvage yard during the 2012 calendar year. Regarding these receipts, Mr. Hoot testified at the hearing as follows:

Q. Can you take a look at those for me, please, Gerald, and tell me what those are?

A. Those are parts that I have sold out of there since we have been back there.

Q. And those are – those are your receipts for those?

A. These are my receipts.

Q. You prepared those?

3.

A. Yes.

Q. You have personal knowledge –

A. Yes, sir.

Along with the foregoing evidence, appellants submitted the following pieces of documentary evidence: (1) a satellite image of the salvage yard, which allegedly depicts the storage of automobiles and trailers on the property; (2) a copy of a zoning permit for an eight-foot fence "for salvage yard front side rear," which was issued to Mr. Hoot on September 28, 2011; (3) a January 23, 2012 copy of a vender's license from the State of Ohio Department of Taxation for the operation of Jerry's Auto Parts, described in the license as a used auto parts business; (4) a Yellowbook advertising invoice for Jerry's Auto Parts dated June 3, 2012; (5) June 2012 electric bills; (6) a telephone bill with a handwritten note stating that the phone service was turned on as of October 6, 2011; (7) invoices for Guardian alarm monitoring services during the first and third quarters of 2012; (8) a copy of a "provisional salvage motor vehicle dealer license" issued to Jerry's Auto Parts on May 24, 2012; and (9) an electric permit for the change of electrical service dated March 6, 2012.

{¶ 6} At the conclusion of the hearing, appellee determined that the foregoing evidence presented by appellant did not "establish that the property owners were actually operating a salvage yard; that is, for the purchase, sale, exchange, storage, processing, or handling of inoperable used automobile parts, on the subject property." Upon further consideration of Meyers' testimony and the testimony of the neighbors, appellee found

4.

that Dad's Auto Parts, LLC, in leaving the property and relocating its operations elsewhere, abandoned the property no later than August 2010. Moreover, appellee determined that the abandonment continued for more than two consecutive years. Thus, appellee affirmed the zoning violation and stated that "any use of the subject property must conform to the requirements of this Zoning Resolution, as required by Section 1402(C) of the Spencer Township Zoning Resolution."

{¶ 7} Thereafter, appellants filed a timely notice of appeal in the Lucas County Court of Common Pleas pursuant to R.C. Chapter 2506. On February 3, 2015, the Court of Common Pleas issued its entry affirming appellee's decision to uphold the zoning violation. In its entry, the court examined the evidence presented at the March 2014 hearing and concluded that "substantial, reliable, and probative evidence supports a finding that the discontinuance of the nonconforming use was a voluntary abandonment of that use, with no intent to resume." The court went on to state that the evidence supported appellee's finding that "no actual use resumed within the two year period." Consequently, the court affirmed appellee's decision upholding the zoning violation. It is from this judgment that appellants now appeal.

### B. Assignment of Error

{¶ 8} On appeal, appellants assert the following assignment of error:

THE COURT BELOW ERRED BY AFFIRMING THE DECISION OF THE SPENCER TOWNSHIP BOARD OF ZONING APPEALS AND FINDING THAT THE DECISION OF THE SPENCER TOWNSHIP

5.

BOARD OF ZONING APPEALS, DECLARING THAT APPELLANTS HAD ABANDONED THEIR NON CONFORMING USE WAS SUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE.

## II. Analysis

{¶ 9} In administrative appeals under R.C. Chapter 2506, common pleas courts and courts of appeal employ different standards of review. *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). "The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Id.* In contrast, "[t]he standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is '*more limited* in scope.'" (Emphasis sic.) *Id.*, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Id.* "Within the ambit of questions of law for appellate-court review is whether the common pleas court abused its discretion." *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 14. "The court of appeals must affirm unless it

finds, as a matter of law, that the trial court's decision is not supported by a preponderance of reliable, probative, and substantial evidence." *Id.* "In sum, the standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 30.

{¶ 10} In their sole assignment of error, appellants argue that the Court of Common Pleas erred in affirming appellee's decision. Specifically, appellants contend that there was insufficient evidence to support the conclusion that the nonconforming use was abandoned for a period of two years.

{¶ 11} "Nonconforming use" is a term "employed to designate a use of property which was lawful prior to the enactment of a zoning ordinance and which use may be continued after the effective date of the ordinance even though it does not comply with the applicable use restrictions." *C.D.S Inc. v. Village of Gates Mills*, 26 Ohio St.3d 166, 168, 497 N.E.2d 295 (1986), citing *State v. Pierce*, 164 Ohio St. 482, 132 N.E.2d 102 (1956). It is well established that "the right to continue a nonconforming use is based upon the concept that one should not be deprived of a substantial investment which existed prior to the enactment of the zoning ordinance." *Kettering v. Lamar Outdoor Advertising, Inc.*, 38 Ohio App.3d 16, 18, 525 N.E.2d 836 (2d Dist.1987). However, nonconforming uses are not favored under the law. *Id.* Consequently, "the rights of a nonconforming user are limited, and the clear intent and purpose is to eliminate such nonconforming uses as rapidly as possible." *Id.*

7.

**{¶ 12}** Here, appellee determined that appellants abandoned the nonconforming use of the subject property for a period of more than two years, thereby forfeiting their right to continue using it as a salvage yard under Section 1402(C) of the Zoning Resolution of Spencer Township. In particular, appellee found that the evidence presented at the hearing established that appellants were not "actually operating a salvage yard." "Salvage yard" is defined by the Zoning Resolution as

**{¶ 13}** An area where inoperable used materials are bought, sold, exchanged, stored, processed, or handled. The word "materials" shall include but are not limited to scrap iron and other metals, paper, rags, rubber tires, and bottles. An Automobile Wrecking Yard is also considered a Salvage Yard.

**{¶ 14}** Further, the Zoning Resolution defines an "Automobile Wrecking Yard" as follows:

**{¶ 15}** The place where the dismantling or wrecking of used motor vehicles or trailers, or the storage, sale, or dumping of dismantled or wrecked vehicles or their parts. The presence on any lot or parcel of land of two or more motor vehicles, which, for a period exceeding 30 days, have not been capable of operating under their own power and from which parts have been or are to be removed for reuse or sale, shall constitute prima-facie evidence of an automobile wrecking yard.

**{¶ 16}** Notably, appellants do not appear to challenge appellee's determination that the property was initially abandoned no later than August 2010. Although appellants

8.

submitted seven sales receipts to establish the ongoing operation of a salvage yard at the property during the two-year period that followed, the record also contains the testimony of Meyers and the neighboring residents, all of whom stated that the property remained out of use for the entire period in question, with no business activity being observed during that time. Further, there was testimony that calls to the telephone number listed for the property went unanswered, the office was unstaffed, and snow was not plowed from the property in the winter.

{¶ 17} Notwithstanding the foregoing evidence, appellants argue that the Court of Common Pleas erred in finding that the salvage yard was abandoned for the entire two-year period "based entirely upon what might be fairly described as a cessation of buying and selling from the property." They contend that an operator of a salvage yard need not actually buy or sell products from the salvage yard in order to be operating the salvage yard as defined in the Zoning Resolution. More particularly, appellants assert that the documentary evidence they presented at the hearing, which consisted of satellite photographs allegedly depicting the storage of inoperable automobiles and trailers, constituted prima-facie evidence of an automobile wrecking yard. In support of their argument, appellants cite the case of *Bd. of Trustees of Williamsburg Twp. v. Kriemer*, 72 Ohio App.3d 608, 595 N.E.2d 945 (12th Dist.1991). Having compared *Kriemer* to the facts of this case, we find that it is distinguishable.

{¶ 18} In *Kriemer*, the Twelfth District examined a provision in the Williamsburg Township Zoning Resolution that defined a "junk yard" as "[a] place where waste,

9.

discarded or salvaged materials are bought, sold, exchanged, baled, packed, disassembled or handled, including auto wrecking yards * * *." *Id.* at 613. Among other things, the court was tasked with determining whether Kriemer had used the subject property as a junk yard during the period in dispute. The court, noting that the parties conceded that "junk, such as cars, has been stored on the premises during the period the Williamsburg Zoning Resolution was in effect," held that "storage of junk on the premises, by itself, constitute[d] a continuance of the nonconforming use." *Id.*

{¶ 19} In the case sub judice, the evidence does not clearly demonstrate that appellants continued to store items on the subject property. Unlike *Kriemer*, the parties in this case do not concede that inoperable used materials were stored on the property during the period in dispute. Even if we assume that mere storage of inoperable used materials is sufficient to qualify a property as a salvage yard as defined under the Zoning Resolution, we cannot say that the satellite photographs produced by appellants demonstrate that the salvage yard contained inoperable used materials. Rather, the photographs demonstrate a drastic reduction in the storage of items on the subject property following the relocation of Dad's Auto Parts, LLC in August 2010. Appellants presented no testimony or other evidence to establish that the remaining items depicted in the photographs represented "motor vehicles." Instead, the items appear to be semi-trailers. Moreover, appellants provided no evidence that the motor vehicles stored on the property, if there were any, were actually *inoperable* so as to trigger the presumption that an automobile wrecking yard was being operated on the site.

10.

{¶ 20} Having considered the evidence that was before the Court of Common Pleas, we find that the court's decision was supported by a preponderance of reliable, probative, and substantial evidence. The testimony of numerous witnesses as to the total lack of activity occurring at the subject property, coupled with the applicable standard of review strongly favoring affirmance, supports the court's judgment affirming appellee's decision.

{¶ 21} Accordingly, appellants' sole assignment of error is not well-taken.

### III. Conclusion

{¶ 22} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs are hereby assessed to appellants in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

JUDGE

Stephen A. Yarbrough, P.J.

_____

James D. Jensen, J. JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.